Charles R. Jacob III
Dana B. Zimmerman
Haynee C. Kang
MILLER & WRUBEL P.C.
250 Park Avenue
New York, New York 10177
(212) 336-3500



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE PRESKA

| | |
|---|---|
| TERWIN ADVISORS LLC, | 07 Civ. _____ ( ) |
|                          Plaintiff, | **COMPLAINT** |
|   -against- | |
| ATLAS MORTGAGE FUNDING CORP., | |
|                       Defendant. | |



Plaintiff Terwin Advisors LLC ("Terwin"), by its attorneys Miller &

Wrubel P.C., as and for its Complaint against defendant alleges as follows:

## ALLEGATIONS COMMON TO
## ALL CAUSES OF ACTION

### The Parties

1.      Terwin is a limited liability company organized under the laws of

the State of Delaware with its principal place of business at 45 Rockefeller Plaza, Suite

420, New York, New York 10111.  Terwin is engaged in the business of, inter alia,

purchasing, trading and securitizing mortgages.

2.      Terwin is a citizen of New York, New Jersey and California for

purposes of 28 U.S.C. § 1332.  Terwin's members, and the members of LLCs that are

members of Terwin, are citizens of New York, New Jersey and California. None is a citizen of Arizona.

        3.      On information and belief, defendant Atlas Mortgage Funding Corp. ("Atlas") is a corporation organized under the laws of the State of Arizona with its principal place of business at 4801 South Lake Shore Drive, Suite 108, Tempe, AZ 85282. On further information and belief, Atlas is engaged in the business of, inter alia, originating and selling mortgages.

<b><u>Jurisdiction and Venue</u></b>

        4.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

        5.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 because Atlas consented to venue in this Court, a substantial part of the events and omissions giving rise to the claim occurred in this District, a substantial part of the property that is the subject of this action is situated in this District and Atlas is subject to personal jurisdiction in this District.

        6.      Atlas is subject to personal jurisdiction in this Court because, as more fully set forth below, it consented to jurisdiction in the State and County of New York, transacted business in the State of New York and contracted to supply goods and services in the State of New York.

**Atlas' Breach of**
**the Purchase Agreement**

### A.    The Purchase Agreement

7.    On or about December 15, 2004, Terwin and Atlas entered into a Seller's Purchase, Warranties and Interim Servicing Agreement (the "Purchase Agreement"). The Purchase Agreement includes a written Amendment No. 1 (the "Amendment") executed on or about December 15, 2004.

8.    In the Purchase Agreement, Terwin and Atlas contracted for Atlas to sell to Terwin certain Mortgage Loans (as defined in the Purchase Agreement), subject to the terms and conditions in the Purchase Agreement, and Atlas agreed to repurchase those Mortgage Loans under the circumstance referred to as "Early Payment Default" or "EPD".

### B.    Consent to Jurisdiction

9.    In the Purchase Agreement, Atlas expressly consented and submitted to the "exclusive general jurisdiction of the courts of the State of New York sitting in the Borough of Manhattan [and] the federal courts of the United States of America for the Southern District of New York," and waived any objection that this Court is an inconvenient forum. Moreover, the Purchase Agreement (a) was negotiated in material part in the State of New York, (b) required performance by Atlas in the form of the delivery of documents and funds, and the benefits of mortgage servicing, to Terwin at its offices in the State of New York, and (c) chose New York law as governing law for the Purchase Agreement.

3

**C.    Atlas' Default in Its Obligation
        to Repurchase Early Payment Default Loans**

10.    Starting in or about 2005, Terwin purchased Mortgage Loans from Atlas pursuant to the Purchase Agreement and Amendment. In total, Terwin purchased 259 Mortgage Loans from Atlas with a dollar value exceeding $40,328,000. Terwin was located in New York during its entire business relationship with Atlas and the money to purchase these Mortgage Loans came from New York.

11.    Pursuant to § 3.05 of the Purchase Agreement, entitled "Repurchase of Mortgage Loans With Early Payment Defaults," Atlas agreed to repurchase from Terwin certain Mortgage Loans ("Early Payment Default Loans" or "EPD Loans") as to which there occurred payment defaults within three months after the Closing Date (as defined in the Purchase Agreement) for such Mortgage Loans. Section 3.05 of the Purchase Agreement provides as follows:

> If (a) a Mortgagor is thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due immediately following the applicable Closing Date or (b) a Mortgage Loan is in bankruptcy or litigation within the first three (3) months immediately following the applicable Closing Date, the Seller [Atlas], at the Purchaser's option, shall promptly repurchase such Mortgage Loan from the Purchaser [Terwin] within five (5) Business Days of receipt of written notice from the Purchaser, in accordance with the procedures set forth in Section 3.03 hereof, however, any such repurchase shall be made at the Repurchase Price.

12.    Thus, the Purchase Agreement expressly and unambiguously gave Terwin the right to cause Atlas to repurchase, and imposed on Atlas the obligation to repurchase, at the Repurchase Price, any Early Payment Default Loans as to which Terwin requested repurchase.

4

13.    Certain of the Mortgage Loans that Terwin purchased from Atlas pursuant to the Purchase Agreement, which Mortgage Loans are identified on Exhibit A hereto, were Early Payment Default Loans, that is, Mortgage Loans as to which (a) a Mortgagor (as defined in the Purchase Agreement) was thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due on the related Mortgage Loan immediately following the applicable Closing Date or (b) the Mortgage Loan was in bankruptcy or litigation within the first three (3) months immediately following the applicable Closing Date.

14.    The Mortgage Loans listed on Exhibit A hereto are all Early Payment Default Loans as defined in the Purchase Agreement.

15.    Terwin gave Atlas written notice of such Early Payment Default Loans and exercised Terwin's option to require Atlas to repurchase such Early Payment Default Loans, all in accordance with the terms of the Purchase Agreement.

16.    Terwin stood ready, willing and able, at all relevant times, to reconvey the Mortgage Loans on Exhibit A to Atlas.

17.    Atlas did not repurchase the Early Payment Default Loans listed on Exhibit A hereto as requested by Terwin.  Therefore, Atlas is in breach of its obligations under the Purchase Agreement.

**D.    Atlas' Default in its Obligations
To Make Payment of Premium Recapture**

18.    Pursuant to § 3.06 of the Purchase Agreement, entitled "Purchase Price Protection," Atlas agreed as follows:

> With respect to any first lien Mortgage Loan that
> prepays in full at any time prior to the fourth Due Date
> immediately following the Closing Date, the Seller
> shall reimburse the Purchaser the amount (if any) by

5

which the Purchase Price paid by the Purchaser to the Seller exceeded 100% of the outstanding scheduled principal balance of the Mortgage Loan as of the Cut-off Date, within thirty (30) days of such payoff. With respect to any second lien Mortgage Loan that prepays in full during the twelve (12) month period from and after the Closing Date, the Seller shall reimburse the Purchaser the amount, if any, by which the Purchase Price paid by the Purchaser to the Seller exceeded 100% of the outstanding scheduled principal balance of the Mortgage Loan as of the Cut-off Date times a fraction, the numerator of which is equal to the number of months remaining from the date of prepayment in full until one year from the related Closing Date and the denominator of which is twelve (12) [(the "Premium Recapture")], within thirty (30) days of such payoff. Upon any assignment of a Mortgage Loan and/or this Agreement, the Purchaser may at its option retain its rights under this Section 3.06 notwithstanding such assignment.

19.    Certain of the Mortgage Loans that Terwin purchased from Atlas, which Mortgage Loans are identified on Exhibit B hereto, were prepaid in full during the twelve (12) month period from and after the applicable Closing Date.

20.    The Mortgage Loans listed on Exhibit B hereto are all Mortgage Loans that were prepaid in full during the twelve (12) month period from and after the Closing Date (the "Premium Recapture Loans").

21.    Terwin gave Atlas written notice of such Premium Recapture Loans and of Atlas' obligation to reimburse Terwin the Premium Recapture, in accordance with the terms of the Purchase Agreement.

22.    Atlas did not make payment of the Premium Recapture owed as to the Mortgage Loans listed on Exhibit B hereto as requested by Terwin. Therefore, Atlas is in breach of its obligations under the Purchase Agreement.

23.     Terwin has fully performed its obligations under the Purchase

Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract – Damages for Failure
### to Repurchase Early Payment Default Loans)

24.     Terwin repeats and realleges the allegations of paragraphs 1 - 23,

above, as if fully set forth herein.

25.     The Mortgage Loans that are the subject of this action are set forth

on Exhibit A.

26.     Atlas's failure to repurchase the Early Payment Default Loans

listed on Exhibit A hereto, was and is a breach of the Purchase Agreement.

27.     Terwin is entitled, by means of an award of damages, to be put in

the same position economically that it would have been in had Atlas performed its

repurchase obligations under the Purchase Agreement.

28.     The aggregate realized losses suffered by Terwin for the Early

Payment Default Loans, with interest through October 31, 2007, was not less than

$315,317, no part of which has been paid despite demand therefor.

29.     The aggregate Repurchase Price due and owing to Terwin for the

remaining Early Payment Default Loans as to which no loss has been realized, as of

October 31, 2007, was $3,350,710, no part of which has been paid despite demand

therefor.

30.     Absent Atlas's repurchase of the Early Payment Default Loans

from Terwin, Terwin's damages will continually increase due to the accrual of interest on

outstanding Early Payment Default Loan balances at the related Mortgage Interest Rate

(as defined in the Purchase Agreement), and the expenses of owning and servicing Mortgage Loans.

31.     By reason of this breach of contract, Atlas is liable to Terwin in an amount to be determined but not less than $3,666,027, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment.  Terwin hereby tenders to Atlas the Mortgage Loans as to which a loss has not yet been realized, as set forth on Exhibit A, in return for payment of the Full Repurchase Price.  Alternatively, Terwin demands judgment for its damages suffered with respect to each and every Mortgage Loan on Exhibit A not repurchased by Atlas.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract – Failure to Pay Premium Recapture)**

32.     Terwin repeats and realleges the allegations in paragraphs 1 – 31, above, as if fully set forth herein.

33.     The Mortgage Loans that are the subject of this cause of action are set forth on Exhibit B.

34.     Atlas' failure to make payment of the Premium Recapture as to the Premium Recapture Loans, listed on Exhibit B hereto, was and is a breach of the Purchase Agreement.

35.     The aggregate Premium Recapture due and owing to Terwin for the Premium Recapture Loans set forth on Exhibit B, as of October 31, 2007, was not less than $25,574.89, no part of which has been paid despite demand therefor.

36.     By reason of this breach of contract, Atlas is liable to Terwin in an amount to be determined but not less than $25,574.89, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Indemnification – Legal Fees and Related Costs)

37.    Terwin repeats and realleges the allegations of paragraphs 1 – 36, above, as if fully set forth herein.

38.    Pursuant to § 8.01 of the Purchase Agreement, Atlas expressly and unambiguously agreed to indemnify Terwin and hold Terwin harmless "against any and all . . . losses, damages, . . . legal fees and related costs . . . and any other costs, fees and expenses that the Purchaser [Terwin] may sustain in any way related to (i) the failure of the Seller [Atlas] to observe and perform its duties, obligations, and covenants in strict compliance with the terms of this Agreement . . . ."

39.    Pursuant to § 8.01 of the Purchase Agreement, Atlas's indemnity obligation expressly includes the legal fees and court costs, and all other costs, fees and expenses, that Terwin has incurred, is incurring and will incur in connection with Atlas's failure to observe and perform its obligations to repurchase Early Payment Default Loans and to make payment of the Premium Recapture demanded by Terwin as set forth above, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action.

40.    Pursuant to § 8.01 of the Purchase Agreement, Atlas is liable to Terwin for all of Terwin's legal fees and related costs, and all other costs, fees and expenses that Terwin has incurred, is incurring and will incur in connection with Atlas's failure to observe and perform its obligations to repurchase Early Payment Default Loans and to make payment of the Premium Recapture demanded by Terwin pursuant to the Purchase Agreement, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action, plus interest at the applicable statutory rate in New York

of 9% per annum from the date each such damage or cost was incurred to the date of judgment in this action.

WHEREFORE, Terwin demands judgment in its favor and against Atlas as follows:

(i)    on its First Cause of Action, awarding Terwin as against Atlas an amount to be determined but not less than $3,666,027, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment, in return for which payment Terwin tenders the Mortgage Loans on Exhibit A as to which no loss has been realized, or, alternatively, Terwin's damages incurred as to each such Mortgage Loan as a result of Atlas's failure to repurchase it;

(ii)   on its Second Cause of Action, awarding Terwin as against Atlas an amount to be determined but not less than $25,574.89 plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment;

(iii)  on its Third Cause of Action, awarding Terwin all Terwin's legal fees and related costs, and all other costs, fees and expenses that Terwin has incurred, is incurring and will incur in connection with Atlas's failure to observe and perform its obligations to repurchase Mortgage Loans and to make payment of Premium Recapture demanded by Terwin pursuant to the Purchase Agreement, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action, plus interest at the

10

applicable statutory rate in New York of 9% per annum from the

date each such damage or cost was incurred to the date of

judgment in this action; and

(iv)    granting such other or further relief as the Court may deem just and

proper in the circumstances.

Dated:  November 30, 2007

MILLER & WRUBEL P.C.

By: _____

Charles R. Jacob III
Dana B. Zimmerman
Haynee C. Kang
250 Park Avenue
New York, New York 10177
(212) 336-3500

Attorneys for Plaintiff
Terwin Advisors LLC

**Exhibit A**

**Exhibit A**
**as of 10/31/07**

| twg# | lien | realized loss | repurchase total |
|------|------|--------------:|------------------|
| 100071582 | 2 | 38,356 | cannot repurchase, realized loss |
| 100073942 | 2 | 142,406 | cannot repurchase, realized loss |
| 100074418 | 2 | 87,586 | cannot repurchase, realized loss |
| 100078351 | 2 | 46,969 | cannot repurchase, realized loss |
| 100068506 | 1 | | 591,151 |
| 100071237 | 1 | | 122,898 |
| 100071581 | 1 | | 121,196 |
| 100073304 | 1 | | 796,519 |
| 100073941 | 1 | | 597,683 |
| 100074417 | 1 | | 360,583 |
| 100078347 | 1 | | 198,215 |
| 100081918 | 1 | | 562,467 |
| | | **315,317** | **3,350,710** |

**Exhibit B**

## Exhibit B

| loan number | lien position | premium due |
|---|---|---|
| 100082931 | 2 | 493.40 |
| 100076038 | 1 | 16,400.00 |
| 100063648 | 2 | 470.75 |
| 100076420 | 2 | 1,874.99 |
| 100073179 | 2 | 1,042.51 |
| 100076416 | 2 | 361.74 |
| 100074614 | 2 | 4,931.50 |
| | | 25,574.89 |