UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERWIN ADVISORS LLC,

Plaintiff,

-against-

ATLAS MORTGAGE FUNDING CORP.,

Defendant.

Case No.: 07 Civ. 10731 (LAP)

ECF Case

**DECLARATION OF
CHARLES R. JACOB III
IN SUPPORT OF MOTION,
BY ORDER TO SHOW CAUSE,
FOR DEFAULT JUDGMENT**

CHARLES R. JACOB III hereby declares, under penalty of perjury:

1.      I am a member of the Bar of this Court and the firm of Miller & Wrubel P.C. ("Miller & Wrubel"), attorneys for plaintiff in the above-entitled action. I am familiar with the facts and circumstances of this action set forth herein.

2.      I submit this declaration pursuant to Local Civil Rule 55.2(b), in support of the motion of plaintiff Terwin Advisors LLC ("Terwin"), by order to show cause, for a default judgment against defendant Atlas Mortgage Funding Corp. ("Atlas").

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. See Complaint ¶ 4, attached as Exhibit 1 hereto.

4.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 because Atlas consented to venue in this Court, a substantial part of the events and omissions giving rise to the claim occurred in this District, a substantial part of the

property that is the subject of this action is situated in this District and Atlas is subject to personal jurisdiction in this District. <u>See</u> Complaint ¶ 4.

5.  Atlas is subject to personal jurisdiction in this Court because, as more fully set forth below, it consented to jurisdiction in the State and County of New York, transacted business in the State of New York and contracted to supply goods and services in the State of New York. <u>See</u> Complaint ¶ 5.

### Nature of the Claim

6.  As set forth in the accompanying Declaration of Gerald Casey (the "Casey Declaration" or "Casey Decl."), Atlas sold Terwin a number of mortgage loans pursuant to a Seller's Purchase, Warranties and Interim Servicing Agreement (the "Purchase Agreement").

7.  In the parties' Purchase Agreement, Terwin and Atlas contracted for Atlas to sell to Terwin certain Mortgage Loans (as defined in the Purchase Agreement), subject to the terms and conditions in the Purchase Agreement, and Atlas agreed to repurchase those Mortgage Loans under the circumstance referred to as "Early Payment Default" or "EPD".

8.  As set forth in the Casey Declaration, Atlas did not repurchase the Early Payment Default Loans as requested by Terwin. Therefore, Atlas is in breach of its obligations under the Purchase Agreement.

9.  Pursuant to § 3.06 of the Purchase Agreement, Atlas also agreed that with respect to any first lien Mortgage Loan that the borrower prepaid in full prior to the fourth Due Date (as defined in the Purchase Agreement) immediately following the Closing Date (as defined in the Purchase Agreement) and with respect to any second lien

Mortgage Loan that the borrower prepaid in full during the twelve (12) month period from and after the Closing Date (as defined in the Purchase Agreement), Atlas would reimburse Terwin an amount calculated pursuant to § 3.06 of the Purchase Agreement (the "Premium Recapture").

10.    As set forth in the Casey Declaration, Atlas did not reimburse Terwin with the Premium Recapture.

### Atlas' Default

11.    Terwin commenced this action by filing the Summons and Complaint on November 30, 2007.

12.    Copies of the Summons, Complaint, Rule 7.1 Statement, Individual Practices of Judge Loretta A. Preska, Individual Practices of Magistrate Judge Andrew J. Peck, and ECF Instructions, Procedures, and Guidelines were served on Atlas on December 26, 2007 by personal service upon Jay Boersma, President of Atlas Mortgage Funding Corp., and proof of such service thereof was filed on January 8, 2008 (a copy of the Affidavit of Service is attached hereto as Exhibit 2).

13.    Atlas' time to answer or otherwise respond to the Complaint ended on January 15, 2008.  To date, Atlas has not answered or otherwise responded to the Complaint.

14.    Atlas, being a corporation organized under the laws of the State of Arizona, is not in the military, an infant or an incompetent person.

15.    On January 25, 2008, the Orders and Judgments Clerk entered Atlas' default.  The Clerk's Certificate of Default is attached hereto as Exhibit 3.

**No Novel Issues of Law**

16.    This motion raises no novel issues of law.  Accordingly, Terwin respectfully requests that the Court waive the requirement of Local Civil Rule 7.1 that Terwin submit a separate memorandum of law.

17.    Where, as here, "'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.) (quoting C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2688 at 58-59 (3d ed. 1998)).

**Terwin Requests a Default**
**Judgment as to Liability and Damages**

18.    The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997 (quoting Fostok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

19.    Terwin seeks damages for Atlas' breach of its contractual obligations to repurchase the Early Payment Default Loans and to reimburse Terwin for the Premium Recapture, all as provided in the parties' contract as described in the Complaint.

20.    Atlas has not paid Terwin any part of the repurchase price of the Early Payment Default Loans and has not reimbursed Terwin for the Premium Recapture.

21.    As set forth in the Casey Declaration, given Atlas' failure to repurchase the Early Payment Default Loan as agreed, Terwin has realized losses in the

-4-

liquidated amount of $1,794,670, plus interest at the statutory rate of 9% from February 22, 2008 to date of judgment, which is justly due and owing, and no part of which has been paid.

22.    As set forth in the Casey Declaration, given Atlas' failure to reimburse Terwin with the Premium Recapture as agreed, Terwin has incurred losses in the amount of $27,785, plus interest at the statutory rate of 9% from February 22, 2008 to date, which is justly due and owing, and no part of which has been paid.

23.    As described in the Casey Declaration, the damages Terwin seeks arise entirely from Atlas' breach of its obligations under the Purchase Agreement, and can be readily determined by reference to the Purchase Agreement and the value of the Mortgage Loans.

24.    Accordingly, Terwin requests that the Court grant a Default Judgment against Atlas in the amount requested.  A proposed Default Judgment is attached hereto as Exhibit 4.

### No Previous Request for Relief Sought

25.    No previous application for the relief sought herein has been made.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 22nd th day of February, 2008

Charles R. Jacob III

Exhibit 1

Charles R. Jacob III
Dana B. Zimmerman
Haynee C. Kang
MILLER & WRUBEL P.C.
250 Park Avenue
New York, New York 10177
(212) 336-3500



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| TERWIN ADVISORS LLC, | 07 Civ. _____ ( ) |
|                 Plaintiff, | |
|   -against- | **COMPLAINT** |
| ATLAS MORTGAGE FUNDING CORP., | |
|                 Defendant. | |

Plaintiff Terwin Advisors LLC ("Terwin"), by its attorneys Miller &

Wrubel P.C., as and for its Complaint against defendant alleges as follows:

## ALLEGATIONS COMMON TO
## ALL CAUSES OF ACTION

### The Parties

1.      Terwin is a limited liability company organized under the laws of

the State of Delaware with its principal place of business at 45 Rockefeller Plaza, Suite

420, New York, New York 10111. Terwin is engaged in the business of, inter alia,

purchasing, trading and securitizing mortgages.

2.      Terwin is a citizen of New York, New Jersey and California for

purposes of 28 U.S.C. § 1332. Terwin's members, and the members of LLCs that are

members of Terwin, are citizens of New York, New Jersey and California. None is a citizen of Arizona.

3.     On information and belief, defendant Atlas Mortgage Funding Corp. ("Atlas") is a corporation organized under the laws of the State of Arizona with its principal place of business at 4801 South Lake Shore Drive, Suite 108, Tempe, AZ 85282. On further information and belief, Atlas is engaged in the business of, inter alia, originating and selling mortgages.

### Jurisdiction and Venue

4.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

5.     Venue in this District is proper pursuant to 28 U.S.C. § 1391 because Atlas consented to venue in this Court, a substantial part of the events and omissions giving rise to the claim occurred in this District, a substantial part of the property that is the subject of this action is situated in this District and Atlas is subject to personal jurisdiction in this District.

6.     Atlas is subject to personal jurisdiction in this Court because, as more fully set forth below, it consented to jurisdiction in the State and County of New York, transacted business in the State of New York and contracted to supply goods and services in the State of New York.

### Atlas' Breach of
### the Purchase Agreement

**A.**     **The Purchase Agreement**

7.     On or about December 15, 2004, Terwin and Atlas entered into a Seller's Purchase, Warranties and Interim Servicing Agreement (the "Purchase Agreement"). The Purchase Agreement includes a written Amendment No. 1 (the "Amendment") executed on or about December 15, 2004.

8.     In the Purchase Agreement, Terwin and Atlas contracted for Atlas to sell to Terwin certain Mortgage Loans (as defined in the Purchase Agreement), subject to the terms and conditions in the Purchase Agreement, and Atlas agreed to repurchase those Mortgage Loans under the circumstance referred to as "Early Payment Default" or "EPD".

**B.**     **Consent to Jurisdiction**

9.     In the Purchase Agreement, Atlas expressly consented and submitted to the "exclusive general jurisdiction of the courts of the State of New York sitting in the Borough of Manhattan [and] the federal courts of the United States of America for the Southern District of New York," and waived any objection that this Court is an inconvenient forum. Moreover, the Purchase Agreement (a) was negotiated in material part in the State of New York, (b) required performance by Atlas in the form of the delivery of documents and funds, and the benefits of mortgage servicing, to Terwin at its offices in the State of New York, and (c) chose New York law as governing law for the Purchase Agreement.

**C.    Atlas' Default in Its Obligation
      to Repurchase Early Payment Default Loans**

10.    Starting in or about 2005, Terwin purchased Mortgage Loans from Atlas pursuant to the Purchase Agreement and Amendment.  In total, Terwin purchased 259 Mortgage Loans from Atlas with a dollar value exceeding $40,328,000.  Terwin was located in New York during its entire business relationship with Atlas and the money to purchase these Mortgage Loans came from New York.

11.    Pursuant to § 3.05 of the Purchase Agreement, entitled "Repurchase of Mortgage Loans With Early Payment Defaults," Atlas agreed to repurchase from Terwin certain Mortgage Loans ("Early Payment Default Loans" or "EPD Loans") as to which there occurred payment defaults within three months after the Closing Date (as defined in the Purchase Agreement) for such Mortgage Loans.  Section 3.05 of the Purchase Agreement provides as follows:

> If (a) a Mortgagor is thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due immediately following the applicable Closing Date or (b) a Mortgage Loan is in bankruptcy or litigation within the first three (3) months immediately following the applicable Closing Date, the Seller [Atlas], at the Purchaser's option, shall promptly repurchase such Mortgage Loan from the Purchaser [Terwin] within five (5) Business Days of receipt of written notice from the Purchaser, in accordance with the procedures set forth in Section 3.03 hereof, however, any such repurchase shall be made at the Repurchase Price.

12.    Thus, the Purchase Agreement expressly and unambiguously gave Terwin the right to cause Atlas to repurchase, and imposed on Atlas the obligation to repurchase, at the Repurchase Price, any Early Payment Default Loans as to which Terwin requested repurchase.

4

13.    Certain of the Mortgage Loans that Terwin purchased from Atlas pursuant to the Purchase Agreement, which Mortgage Loans are identified on Exhibit A hereto, were Early Payment Default Loans, that is, Mortgage Loans as to which (a) a Mortgagor (as defined in the Purchase Agreement) was thirty (30) days or more delinquent with respect to any of the first three (3) Monthly Payments due on the related Mortgage Loan immediately following the applicable Closing Date or (b) the Mortgage Loan was in bankruptcy or litigation within the first three (3) months immediately following the applicable Closing Date.

14.    The Mortgage Loans listed on Exhibit A hereto are all Early Payment Default Loans as defined in the Purchase Agreement.

15.    Terwin gave Atlas written notice of such Early Payment Default Loans and exercised Terwin's option to require Atlas to repurchase such Early Payment Default Loans, all in accordance with the terms of the Purchase Agreement.

16.    Terwin stood ready, willing and able, at all relevant times, to reconvey the Mortgage Loans on Exhibit A to Atlas.

17.    Atlas did not repurchase the Early Payment Default Loans listed on Exhibit A hereto as requested by Terwin.  Therefore, Atlas is in breach of its obligations under the Purchase Agreement.

**D.    Atlas' Default in its Obligations**
**To Make Payment of Premium Recapture**

18.    Pursuant to § 3.06 of the Purchase Agreement, entitled "Purchase Price Protection," Atlas agreed as follows:

> With respect to any first lien Mortgage Loan that
> prepays in full at any time prior to the fourth Due Date
> immediately following the Closing Date, the Seller
> shall reimburse the Purchaser the amount (if any) by

5

which the Purchase Price paid by the Purchaser to the Seller exceeded 100% of the outstanding scheduled principal balance of the Mortgage Loan as of the Cut-off Date, within thirty (30) days of such payoff. With respect to any second lien Mortgage Loan that prepays in full during the twelve (12) month period from and after the Closing Date, the Seller shall reimburse the Purchaser the amount, if any, by which the Purchase Price paid by the Purchaser to the Seller exceeded 100% of the outstanding scheduled principal balance of the Mortgage Loan as of the Cut-off Date times a fraction, the numerator of which is equal to the number of months remaining from the date of prepayment in full until one year from the related Closing Date and the denominator of which is twelve (12) [(the "Premium Recapture")], within thirty (30) days of such payoff. Upon any assignment of a Mortgage Loan and/or this Agreement, the Purchaser may at its option retain its rights under this Section 3.06 notwithstanding such assignment.

19.    Certain of the Mortgage Loans that Terwin purchased from Atlas, which Mortgage Loans are identified on Exhibit B hereto, were prepaid in full during the twelve (12) month period from and after the applicable Closing Date.

20.    The Mortgage Loans listed on Exhibit B hereto are all Mortgage Loans that were prepaid in full during the twelve (12) month period from and after the Closing Date (the "Premium Recapture Loans").

21.    Terwin gave Atlas written notice of such Premium Recapture Loans and of Atlas' obligation to reimburse Terwin the Premium Recapture, in accordance with the terms of the Purchase Agreement.

22.    Atlas did not make payment of the Premium Recapture owed as to the Mortgage Loans listed on Exhibit B hereto as requested by Terwin. Therefore, Atlas is in breach of its obligations under the Purchase Agreement.

23.    Terwin has fully performed its obligations under the Purchase Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract – Damages for Failure
### to Repurchase Early Payment Default Loans)

24.    Terwin repeats and realleges the allegations of paragraphs 1 - 23, above, as if fully set forth herein.

25.    The Mortgage Loans that are the subject of this action are set forth on Exhibit A.

26.    Atlas's failure to repurchase the Early Payment Default Loans listed on Exhibit A hereto, was and is a breach of the Purchase Agreement.

27.    Terwin is entitled, by means of an award of damages, to be put in the same position economically that it would have been in had Atlas performed its repurchase obligations under the Purchase Agreement.

28.    The aggregate realized losses suffered by Terwin for the Early Payment Default Loans, with interest through October 31, 2007, was not less than $315,317, no part of which has been paid despite demand therefor.

29.    The aggregate Repurchase Price due and owing to Terwin for the remaining Early Payment Default Loans as to which no loss has been realized, as of October 31, 2007, was $3,350,710, no part of which has been paid despite demand therefor.

30.    Absent Atlas's repurchase of the Early Payment Default Loans from Terwin, Terwin's damages will continually increase due to the accrual of interest on outstanding Early Payment Default Loan balances at the related Mortgage Interest Rate

7

(as defined in the Purchase Agreement), and the expenses of owning and servicing Mortgage Loans.

31.    By reason of this breach of contract, Atlas is liable to Terwin in an amount to be determined but not less than $3,666,027, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment.  Terwin hereby tenders to Atlas the Mortgage Loans as to which a loss has not yet been realized, as set forth on Exhibit A, in return for payment of the Full Repurchase Price.  Alternatively, Terwin demands judgment for its damages suffered with respect to each and every Mortgage Loan on Exhibit A not repurchased by Atlas.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract – Failure to Pay Premium Recapture)

32.    Terwin repeats and realleges the allegations in paragraphs 1 – 31, above, as if fully set forth herein.

33.    The Mortgage Loans that are the subject of this cause of action are set forth on Exhibit B.

34.    Atlas' failure to make payment of the Premium Recapture as to the Premium Recapture Loans, listed on Exhibit B hereto, was and is a breach of the Purchase Agreement.

35.    The aggregate Premium Recapture due and owing to Terwin for the Premium Recapture Loans set forth on Exhibit B, as of October 31, 2007, was not less than $25,574.89, no part of which has been paid despite demand therefor.

36.    By reason of this breach of contract, Atlas is liable to Terwin in an amount to be determined but not less than $25,574.89, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment.

8

## AS AND FOR A THIRD CAUSE OF ACTION
### (Indemnification – Legal Fees and Related Costs)

37.    Terwin repeats and realleges the allegations of paragraphs 1 – 36, above, as if fully set forth herein.

38.    Pursuant to § 8.01 of the Purchase Agreement, Atlas expressly and unambiguously agreed to indemnify Terwin and hold Terwin harmless "against any and all . . . losses, damages, . . . legal fees and related costs . . . and any other costs, fees and expenses that the Purchaser [Terwin] may sustain in any way related to (i) the failure of the Seller [Atlas] to observe and perform its duties, obligations, and covenants in strict compliance with the terms of this Agreement . . . ."

39.    Pursuant to § 8.01 of the Purchase Agreement, Atlas's indemnity obligation expressly includes the legal fees and court costs, and all other costs, fees and expenses, that Terwin has incurred, is incurring and will incur in connection with Atlas's failure to observe and perform its obligations to repurchase Early Payment Default Loans and to make payment of the Premium Recapture demanded by Terwin as set forth above, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action.

40.    Pursuant to § 8.01 of the Purchase Agreement, Atlas is liable to Terwin for all of Terwin's legal fees and related costs, and all other costs, fees and expenses that Terwin has incurred, is incurring and will incur in connection with Atlas's failure to observe and perform its obligations to repurchase Early Payment Default Loans and to make payment of the Premium Recapture demanded by Terwin pursuant to the Purchase Agreement, including but not limited to all attorneys' fees, court costs and other expenses incurred in this action, plus interest at the applicable statutory rate in New York

of 9% per annum from the date each such damage or cost was incurred to the date of

judgment in this action.

    WHEREFORE, Terwin demands judgment in its favor and against Atlas

as follows:

    (i)    on its First Cause of Action, awarding Terwin as against Atlas an

            amount to be determined but not less than \$3,666,027, plus interest

            at the statutory rate of 9% from the date(s) of breach until the date

            of judgment, in return for which payment Terwin tenders the

            Mortgage Loans on Exhibit A as to which no loss has been

            realized, or, alternatively, Terwin's damages incurred as to each

            such Mortgage Loan as a result of Atlas's failure to repurchase it;

    (ii)    on its Second Cause of Action, awarding Terwin as against Atlas

            an amount to be determined but not less than \$25,574.89 plus

            interest at the statutory rate of 9% from the date(s) of breach until

            the date of judgment;

    (iii)    on its Third Cause of Action, awarding Terwin all Terwin's legal

            fees and related costs, and all other costs, fees and expenses that

            Terwin has incurred, is incurring and will incur in connection with

            Atlas's failure to observe and perform its obligations to repurchase

            Mortgage Loans and to make payment of Premium Recapture

            demanded by Terwin pursuant to the Purchase Agreement,

            including but not limited to all attorneys' fees, court costs and

            other expenses incurred in this action, plus interest at the

applicable statutory rate in New York of 9% per annum from the

date each such damage or cost was incurred to the date of

judgment in this action; and

(iv)   granting such other or further relief as the Court may deem just and

proper in the circumstances.

Dated:  November 30, 2007

MILLER & WRUBEL P.C.

By: _____

Charles R. Jacob III
Dana B. Zimmerman
Haynee C. Kang
250 Park Avenue
New York, New York 10177
(212) 336-3500

Attorneys for Plaintiff
Terwin Advisors LLC

11

**Exhibit A**

**Exhibit A**
**as of 10/31/07**

| twg# | lien | realized loss | repurchase total |
|---|---|---|---|
| 100071582 | 2 | 38,356 | cannot repurchase, realized loss |
| 100073942 | 2 | 142,406 | cannot repurchase, realized loss |
| 100074418 | 2 | 87,586 | cannot repurchase, realized loss |
| 100078351 | 2 | 46,969 | cannot repurchase, realized loss |
| 100068506 | 1 | | 591,151 |
| 100071237 | 1 | | 122,898 |
| 100071581 | 1 | | 121,196 |
| 100073304 | 1 | | 796,519 |
| 100073941 | 1 | | 597,683 |
| 100074417 | 1 | | 360,583 |
| 100078347 | 1 | | 198,215 |
| 100081918 | 1 | | 562,467 |
| | | 315,317 | 3,350,710 |

**Exhibit B**

### Exhibit B

| loan number | lien position | premium due |
|---|---|---|
| 100082931 | 2 | 493.40 |
| 100076038 | 1 | 16,400.00 |
| 100063648 | 2 | 470.75 |
| 100076420 | 2 | 1,874.99 |
| 100073179 | 2 | 1,042.51 |
| 100076416 | 2 | 361.74 |
| 100074614 | 2 | 4,931.50 |
| | | 25,574.89 |

**Exhibit 2**



**Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

TERWIN ADVISORS LLC,

          Plaintiff,

        -against-

ATLAS MORTGAGE FUNDING CORP.,

         Defendant.
-------------------------------------------------X

Case No. 07 CV 10731
(Judge Preska)

AFFIDAVIT OF SERVICE

STATE OF ARIZONA     )
               S.S.:
COUNTY OF MARICOPA   )

    *Angie Ranck*, being duly sworn, deposes and says that he/she is over the age of eighteen years, is an agent of the attorney service, D.L.S., Inc., and is not a party to this action.

    That on the 26th day of December, 2007, at approximately the time of 6:37 PM, deponent served a true copy of the SUMMONS IN A CIVIL ACTION; COMPLAINT; INDIVIDUAL PRACTICES OF JUDGE LORETTA A. PRESKA; AND INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE ANDREW J. PECK upon ATLAS MORTGAGE FUNDING CORP. c/o Jay Boersma at 15314 E. Sundown Drive, Fountain Hills, AZ, by personally delivering and leaving the same with JAY BOERSMA who informed deponent that he holds the position of President with that company and is authorized by law to receive service at that address.

    JAY BOERSMA is a *White* male, approximately *38* years of age, stands approximately *5* feet *9* inches tall, weighs approximately *190* pounds with *BALD* hair.

_____
PROCESS SERVER

Sworn to before me this
*4th* day of January, 2008

_____
NOTARY PUBLIC



JEFFREY EVERT
Notary Public - Arizona
Maricopa County
My Comm. Expires Mar 14, 2009

.L.S., Inc.
)1 Broadway
e 510
Y, NY 10013
12-925-1220
ww.dlsny.com

Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TERWIN ADVISORS LLC,<br><br>                              Plaintiff,<br><br>        -against-<br><br>ATLAS MORTGAGE FUNDING CORP.,<br><br>                              Defendant. | 07 Civ. 10731 (LAP)<br><br>ECF Case<br><br>**<u>CLERK'S CERTIFICATE</u>** |

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action commenced on November 30, 2007, with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant on December 26, 2007 by personal service upon Jay Boersma, President of Atlas Mortgage Funding Corp., and proof of such service thereof was filed on January 8, 2008.

I further certify that the docket entries indicate that the defendant has not filed an answer or otherwise moved with respect to the complaint herein.  The default of the defendant is hereby noted.

Dated: New York, New York
        January 25, 2008

                              **J. MICHAEL MCMAHON**
                              Clerk of the Court

                    By: _____
                              Deputy Clerk

Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERWIN ADVISORS LLC, | Case No.: 07 Civ. 10731 (LAP) |
| Plaintiff, | ECF Case |
| -against- | **<u>DEFAULT JUDGMENT</u>** |
| ATLAS MORTGAGE FUNDING CORP., | |
| Defendant. | |

This action having been commenced on November 30, 2007, by the filing

of the Summons and Complaint, and a copy of the Summons and Complaint having been

personally served on defendant Atlas Mortgage Funding Corp., on December 26, 2007,

by personal service upon Jay Boersma, President of Atlas Mortgage Funding Corp., and

proof of such service having been filed on January 8, 2008, and the defendant not having

answered or otherwise responded to the Complaint, and the time for answering or

otherwise responding to the Complaint having expired, it is

ORDERED, ADJUDGED, AND DECREED that pursuant to Fed. R. Civ.

P. 55(b)(2) and Local Civil Rule 55.2(b), that judgment is hereby GRANTED as follows:

(1)    In favor of plaintiff Terwin Advisors LLC and against defendant
Atlas Mortgage Funding Corp. on said plaintiff's First Cause of
Action, in the total amount of $1,794,670, plus interest, in the
amount of $442 per diem, from February 22, 2008 to the date of
judgment; and

(2)    In favor of plaintiff Terwin Advisors LLC and against defendant
Atlas Mortgage Funding Corp. on said plaintiff's Second Cause of

Action, in the total amount of $27,785, plus interest, in the amount

of $6.85 per diem, from February 22, 2008 to the date of judgment;

amounting in all to $_____.

Dated: New York, New York
       February ___, 2008

 

_____
    Hon. Loretta A. Preska, U.S.D.J.